Abraham Schlissel, Acting City Judge.
This contested summary proceeding affects the upper apartment in a two-family dwelling located at No. 121 Bast Walnut Street, in the city of Long Beach, Nassau County.
On July 1, 1955, the two apartments in said building were tenant-occupied, one Adams living in the lower apartment, and these tenants in the upper. In September, 1955, the instant *15 petitioners, having acquired title to the affected premises at some earlier date but subsequent to July 1, 1955, sought and succeeded in obtaining possession of the lower apartment. They moved into said apartment on or about November 15, 1955 and were and continued to be in occupancy thereof when this proceeding was instituted.
Having thus transformed these premises from a two-tenant to a single-tenant and owner-occupied status, petitioners undertook to contend that, as a result and by reason of the impact of paragraph (j) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1955, ch. 685) the whole house, including respondents’ apartment, was decontrolled.
Tenants demurred and this proceeding resulted.
The controversy having been submitted to me without the taking of testimony and on an agreed statement of facts, I must construe and determine the meaning of said section 2 (subd. 2, par. [j]) which, by its terms, became law on April 25, 1955 and, so far as here material, adds to the list of exempt or decontrolled properties: — “ housing accommodations (not otherwise exempt or excluded from control) in two family houses occupied in whole or in part by the owner thereof, and in one family houses whether or not so occupied, on and after July first, nineteen hundred fifty-five ” in various counties, including Nassau.
Essentially, the issue between the parties is concerned with the meaning and effect of the words “ on and after July first, nineteen hundred fifty-five ” as used in the quoted text. Tenants and the State Rent Administrator, whom I permitted to intervene, contend that these words mean that only those two-family houses, which were wholly or partly owner-occupied on July 1, 1955 are freed from control. Since these premises concededly cannot meet this test, acceptance of tenants contention would inevitably result in dismissal of this proceeding.
But landlords disagree and insist that the sole purpose of the words quoted was to fix the date of decontrol and that any two-family house which, on July 1, 1955 was, or thereafter becomes, owner-occupied either in whole or in part, automatically and by simple virtue thereof will become and be exempt.
In support of their position, tenants and the Administrator have handed me a copy of the latter’s opinion (Administrator’s Opinion No. Ill) issued August 15, 1955 and holding precisely as they now contend, namely, that “ The owner of the two-family house must actually be living in one of the apartments on July 1, 1955 in order to effect the decontrol of the other apartment which is tenant-occupied ”. This, says the Admin *16 istrator, is consistent with the legislative intent to prevent unjust, unreasonable and oppressive rents and to forestall profiteering.
Although I have great respect for the distinguished State Rent Administrator who issued the quoted opinion, I have reached the conclusion that I cannot sustain his (and tenants’) construction of this statute, but must, on the contrary, uphold that of landlords.
To begin with, I should point out that the primary purpose of the legislation of 1955 was to effect substantial decontrol and to retain restraint on landlords only where inevitable and indispensable. (See, in this connection, legislative note following the text of this amendment, L. 1955, ch. 685, p. 1588.)
Noteworthy in this connection is the fact that recontrol, though authorized in the four other counties affected by section 2 (subd. 2, par. [j]), is not permitted in Nassau County. This, it seems to me, is strongly suggestive of the legislative intent to restrict and hold to an absolute minimum the number of controlled properties in this county.*
However, more fundamental is my conviction that the language employed by the Legislature is clear and unambiguous in its mandate that all owner-occupied two-family houses be exempt from control on and after July 1, 1955. I am convinced that the words “ on and after July first, nineteen hundred fifty-five ” mean and can mean only that this is the effective date of decontrol and that whenever, after that date, a two-family house in Nassau County becomes wholly or partly owner-occupied, decontrol is immediate and automatic.
I am deeply conscious of the import of the decision I am now rendering and of the effect which my disagreement with the learned Administrator may have. However, I am not called upon to decide a moral issue, but to construe a legislative act, and I, too, have an obligation which I must not evade and which requires that I give free expression to my own honest convictions.
Doing so, I have concluded and now find that the instant premises are not presently under control, that section 2 (subd. 2, par. [j]) has resulted in their decontrol, that said section is not ambiguous, but clearly specifies that every two-family house being owner-occupied on July 1, 1955 or thereafter becoming *17 so occupied shall be decontrolled, that the words “ on and after July first, nineteen hundred fifty-five ” do not refer to or freeze the status of possession on and as of that date, but do concern the effective date of decontrol in Nassau and the other affected counties, and that, accordingly, this proceeding is maintainable and the landlords are entitled to a final order therein.
Landlords’ attorneys are directed to submit appropriate final order and warrant, each containing a 10-day stay.

 The administrator’s quotation as to the purpose and intent of the law comes, I believe, from the statement thereof promulgated at the time of its original enactment. That which I have noted above is, I am convinced, -more nearly an approximation of the recent trend toward decontrol and retention of an irreducible minimum of restraint.